Anna Y. Park, SBN 164242
Michael Farrell, SBN 266553
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA 90012
Telephone:  (213) 894-1083
Facsimile:  (213) 894-1301
E-Mail:  lado.legal@eeoc.gov

Connie K. Liem, TX SBN 791113
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
555 West Beech St., Suite 504
San Diego, CA. 92101
Telephone: (619) 557-7282
Facsimile: (619) 557-7274
E-Mail: connie.liem@eeoc.gov

Attorneys for Plaintiff
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>       Plaintiff,<br><br>  v.<br><br>GIUMARRA VINEYARDS CORPORATION, and DOES 1-10, Inclusive,<br>       Defendants. | Case No.:<br><br>**COMPLAINT**<br> • **CIVIL RIGHTS**<br> • **EMPLOYMENT DISCRIMINATION**<br>**(42 U.S.C. §§ 2000e, et seq.)**<br><br>**JURY TRIAL DEMAND** |

**NATURE OF THE ACTION**

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991  ("Title VII") to correct unlawful employment practices on the basis of sex and retaliation and to provide appropriate relief to Charging Parties Maribel Ochoa, Delfina Ochoa, Jose Ochoa and a similarly situated aggrieved individual, Guadeloupe Martinez.  As alleged with greater particularity in Paragraphs 10 - 17 below, the United States Equal Employment Opportunity Commission ("EEOC" or the "Commission") alleges that Giumarra Vineyards Corporation, and Does 1 - 10 ("Defendants") subjected Charging Party Maribel Ochoa to a hostile work environment based on sex (female) in violation of  Title VII. The Commission further alleges that Defendants discharged Charging Parties and Mr. Martinez in retaliation for having engaged in a statutorily protected activity.

**JURISDICTION AND VENUE**

1.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345.

2.     This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

3.     The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of California.

**PARTIES**

4.     Plaintiff, the Equal Employment Opportunity Commission, is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring

1  this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and

2  (3).

3       5.  At all relevant times, Defendants have been continuously doing

4  business within California and the jurisdiction of the United States District Court

5  for the Eastern District of California.

6       6.  At all relevant times, Defendants have continuously employed fifteen

7  (15) or more persons.

8       7.  At all relevant times, Defendants have continuously been employers

9  engaged in an industry affecting commerce within the meaning of Sections

10  701(b), (g), and (h) of Title VII, 42 U.S.C. § 2000e (b), (g), and (h).

11       8.  Plaintiff is ignorant of the true names and capacities of Defendants

12  sued as Does 1 through 10, inclusive (the "Doe Defendants").  Therefore, Plaintiff

13  sues said Defendants by such fictitious names.  Plaintiff reserves the right to

14  amend the complaint to name the Doe Defendants as they become known.

15  Plaintiff alleges that each of the Defendants named as Doe Defendants was in

16  some manner responsible for the acts and omissions alleged herein and Plaintiff

17  will amend the complaint to allege such responsibility when Plaintiff has

18  ascertained the identity of the Doe Defendants.

19       9.  All of the acts and failures to act alleged herein were duly performed

20  by and attributable to all Defendants, each acting as a successor, alter ego, joint

21  employer, integrated enterprise, agent, employee, successor, or under the direction

22  and control of the others, except as otherwise specifically alleged.  The alleged

23  acts and failures to act were within the scope of such agency and/or employment,

24  and each Defendant participated in, approved and/or ratified the other Defendants'

25  unlawful acts and omissions alleged in this complaint.  Whenever and wherever

26  reference is made in this Complaint to any act by a Defendant or Defendants, such

27  allegations and reference shall also be deemed to mean the acts and failures to act

28  of each Defendant acting individually, jointly, and/or severally.

**STATEMENT OF CLAIMS**

10.    More than thirty (30) days prior to the filing of this lawsuit, Charging Parties Maribel Ochoa, Delfina Ochoa, and Jose Ochoa filed charges with the Commission alleging that Defendants violated Title VII.   The Commission investigated and issued a Letters of Determination finding that Defendants subjected Charging Party Maribel Ochoa to a sexually hostile work environment, and subjected Charging Parties Maribel Ochoa, Delfina Ochoa, Jose Ochoa and at least one similarly situated employee, Guadeloupe Martinez, to retaliatory discharge in violation of Title VII.   Prior to instituting this lawsuit, the Commission attempted to eliminate the unlawful employment practices herein alleged and to effect voluntary compliance with Title VII through informal methods of conciliation, conference, and persuasion within the meaning of Section 706(b) of Title VII, 42 U.S.C. §  2000e-5(b).   All conditions precedent to the institution of this lawsuit have been met.

11.    In or about July of 2007, Defendants engaged in unlawful employment practices at their Edison, CA. facilities in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a).   Defendants tolerated Charging Party Maribel Ochoa being subjected to a hostile work environment based on her sex (female).

(a)  Maribel Ochoa was subjected to unwelcome conduct of a sexual nature by a coworker.  That conduct included, but was not limited to, repeated sexual advances; graphic requests for her to have sex with him; and offensive sexual comments such as telling her that he had a large penis and that he wanted to stick it in her.

(b)  The sexual conduct by the coworker was unwelcome.  Maribel Ochoa always rejected his advances and made significant efforts to avoid the coworker.   As explained below, Maribel Ochoa also demonstrated the

1    conduct was unwelcome when she attempted to complain to Defendants'

2    management in order to have the conduct stopped.

3    (c)  The conduct was sufficiently severe and pervasive to create a hostile

4    and abusive work environment.  The conduct was pervasive as it occurred

5    on an almost daily basis.  The conduct was severe as it included graphic

6    requests that Maribel Ochoa engage in sexual acts with the coworker and

7    highly offensive statements by the coworker regarding his penis and how he

8    wanted to stick it in her.  The fact that Maribel Ochoa was seventeen years

9    old at the time the coworker was making such vulgar remarks to her

10   heightens the severity of the conduct.

11   (d)  Defendants are liable for the sexual harassment by Maribel Ochoa's

12   coworker as the Charging Parties and Mr. Martinez complained to

13   Defendant's management of the harassment, yet Defendants failed to take

14   any effective, remedial action at all.

15   12.   On or about July 20, 2007, Defendants engaged in unlawful

16   employment practices at its Edison, CA. facilities in violation of Section 704(a) of

17   Title VII, 42 U.S.C. § 2000e-3(a), when they retaliated against the Charging

18   Parties for engaging in a protected activity.

19   (a)  The Charging Parties and Guadeloupe Martinez all engaged in a

20   protected activity.   On or about July 19, 2007, all four individuals

21   complained to Defendants management officials regarding the sexual

22   harassment to which Maribel Ochoa was being subjected.

23   (b)  The Charging Parties and Guadeloupe Martinez were all subjected to an

24   adverse employment action when they were summarily terminated on July

25   20, 2007.

26   (c)  Defendants terminated the Charging Parties and Guadeloupe Martinez

27   in retaliation for their opposition to the unlawful sexual harassment in their

28   workplace.   The terminations occurred less than 24 hours after the

complaints were made and well in advance of the end of the growing season the Charging Parties and Mr. Martinez were scheduled to work through. None of the Charging Parties, nor Mr. Martinez, were given any reason for the abrupt terminations and no other similarly situated farm workers were discharged at that time and in that manner.

13.   The effect of the practices complained of, as described above, has been to deprive Charging Party Maribel Ochoa of equal employment opportunities and otherwise adversely affect her status as an employee because of her sex, female.

14.   The effect of the practices complained of, as described above, has been to deprive Charging Parties and Guadeloupe Martinez of equal employment opportunities and otherwise adversely affect their status as employees for having engaged in protected activity.

15.   The unlawful employment practices described in Paragraphs 11-12 above were intentional.

16.   The unlawful employment practices described in Paragraphs 11-12 above were done with malice or with reckless indifference to the federally protected rights of Charging Parties and Guadeloupe Martinez.

17.   As a direct and proximate result of the acts of Defendants, as described above, Charging Parties and Guadeloupe Martinez have suffered pain and suffering, inconvenience, loss of enjoyment of life, humiliation and damages, all to be proven at trial.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A.   Grant a permanent injunction enjoining Defendants, their respective officers, assigns, agents, alter ego, joint employer, integrated enterprise, successors, and all persons in active concert or participation with them, from

1   engaging in any employment practices, which discriminate on the basis of sex or
2   retaliation;

3          B.      Order Defendants to institute and carry out policies, practices, and
4   programs which provide equal employment opportunities, and which eradicate the
5   effects of its past and present unlawful employment practices;

6          C.      Order Defendants to make whole Charging Parties and Guadeloupe
7   Martinez, by providing appropriate backpay with prejudgment interest, in amounts
8   to be determined at trial, and other affirmative relief necessary to eradicate the
9   effects of their unlawful employment practices, including, but not limited to
10  rightful-place hiring, or front pay.

11         D.       Order Defendants to make whole Charging Parties and Guadeloupe
12  Martinez by providing the appropriate compensation for past and future pecuniary
13  losses, and/or other affirmative relief necessary to eradicate the effects of
14  Defendants' unlawful employment practices;

15         E.      Order Defendants to make whole Charging Parties and  Guadeloupe
16  Martinez by providing compensation for past and future non-pecuniary losses
17  resulting from the unlawful practices complained as described above, including,
18  but not limited to pain and suffering, inconvenience, loss of enjoyment of life, and
19  humiliation, in amounts to be determined at trial;

20         F.      Order Defendants to pay Charging Parties and  Guadeloupe Martinez
21  punitive damages for its malicious and/or reckless conduct as described above, in
22  amounts to be determined at trial;

23         G.      Grant such further relief as the Court deems necessary and proper in
24  the public interest; and

25         H.      Award the Commission its costs of this action.

26  //
27  //
28  //

1

**JURY TRIAL DEMAND**

2      The Commission requests a jury trial on all questions of fact raised by its

3   complaint.

4

5

6                                    JAMES LEE
                                     Acting General Counsel
7

8                                    GWENDOLYN YOUNG REAMS
                                     Associate General Counsel
9

10                                   U.S. Equal Employment Opportunity
                                     Commission
11                                   131 M Street, N.E.
12                                   Washington, DC 20507

13

14   Date: December 29, 2009         BY _____
                                     for ANNA Y. PARK
15                                   Regional Attorney

16

17                                   MICHAEL FARRELL
                                     Supervisory Trial Attorney
18

19                                   CONNIE LIEM
                                     Senior Trial Attorney
20

21                                   U.S. Equal Employment Opportunity
                                     Commission
22                                   Los Angeles District Office

23

24

25

26

27

28