1

2

3

4

5

6            UNITED STATES DISTRICT COURT

7            EASTERN DISTRICT OF CALIFORNIA

8

9   U.S. EQUAL EMPLOYMENT          )   1:09-cv-2255 OWW SKO
    OPPORTUNITY COMMISSION,        )
10                                 )   SCHEDULING CONFERENCE ORDER
                 Plaintiff,        )
11                                 )   Discovery Cut-Off: 6/30/11
         v.                        )
12                                 )   Non-Dispositive Motion
    GIUMARRA VINEYARDS, CORPORATION, )  Filing Deadline: 7/15/11
13  and DOES 1-10, inclusive,      )
                                   )   Non-Dispositive Motion
14               Defendants.       )   Hearing Date:  8/19/11 9:00
                                   )   Ctrm. 8
15  _____ )
                                       Dispositive Motion Filing
16                                     Deadline: 7/29/11

17                                     Dispositive Motion Hearing
                                       Date:  8/29/11 10:00 Ctrm.
18                                     3

19                                     Settlement Conference Date:
                                       7/6/11 10:30 Ctrm. 8
20
                                       Pre-Trial Conference Date:
21                                     10/3/11 11:00 Ctrm. 3

22                                     Trial Date: 11/15/11 9:00
                                       Ctrm. 3 (JT-15 days)
23

24

25  I.   Date of Scheduling Conference.

26       July 1, 2010.

27  II.  Appearances Of Counsel.

28       U.S. Equal Employment Opportunity Commission by Connie K.

                              1

1 Liem, Esq., appeared on behalf of Plaintiff.

2     Kirtland & Packard LLP by Mark E. Goldsmith, Esq., and

3 Joshua A. Fields, Esq., appeared on behalf of Defendant.

4     Marcos Camacho, A Law Corporation, by Marcos R. Camacho,

5 Esq., and Mario Martinez, Esq., appeared on behalf of proposed

6 Intervenors.

7 III.  Summary of Pleadings.

8     1.   On or about July of 2007, Defendant engaged in unlawful

9 employment practices at their Edison, California facilities in

10 violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a).

11 Defendant tolerated Charging Party Maribel Ochoa being subjected

12 to a hostile work environment based on her sex (female).

13     2.   Maribel Ochoa was subjected to unwelcome conduct of a

14 sexual nature by a coworker.  That conduct included, but was not

15 limited to, repeated sexual advances; graphic requests for her to

16 have sex with him; and offensive sexual comments such as telling

17 her that he had a large penis and that he wanted to stick it in

18 her.

19     3.   The sexual conduct by the coworker was unwelcome.

20 Maribel Ochoa always rejected his advances and made significant

21 efforts to avoid the coworker.  As explained below, Maribel Ochoa

22 also demonstrated the conduct was unwelcome when she attempted to

23 complain to Defendant's management in order to have the conduct

24 stopped.

25     4.   The conduct was sufficiently severe and pervasive to

26 create a hostile and abusive work environment.  The conduct was

27 pervasive as it occurred on an almost daily basis.  The conduct

28 was severe as it included graphic requests that Maribel Ochoa

1  engage in sexual acts with the coworker and highly offensive
2  statements by the coworker regarding his penis and how he wanted
3  to stick it in her.  The fact that Maribel Ochoa was seventeen
4  years old at the time the coworker was making such vulgar remarks
5  to her, heightens the severity of the conduct.

6     5.    Defendant is liable for the sexual harassment by
7  Maribel Ochoa's coworker as the claimants complained to
8  Defendant's management of the harassment, yet Defendants failed
9  to take any effective, remedial action at all.

10    6.    On or about July 20, 2007, Defendants engaged in
11 unlawful employment practices at its Edison, California
12 facilities in violation of Section 704(a) of Title VII, 42 U.S.C.
13 § 2000e-3(a), when they retaliated against Charging Parties
14 Maribel Ochoa, Delfina Ochoa, Jose Ochoa, or alleged similarly-
15 situated individual Guadalupe Martinez (claimants) for engaging
16 in a protected activity.

17    7.    All four claimants engaged in a protected activity.  On
18 or about July 19, 2007 all four claimants complained to
19 Defendant's management officials regarding the sexual harassment
20 to which Maribel Ochoa was being subjected.

21    8.    The claimants were all subjected to an adverse
22 employment action when they were summarily terminated on July 20,
23 2007.

24    9.    Defendant terminated all four claimants in retaliation
25 for their opposition to the unlawful sexual harassment in their
26 workplace.  The terminations occurred less than 24 hours after
27 the complaints were made and well in advance of the end of the
28 growing season the claimants were scheduled to work through.

3

1  None of the claimants were given any reason for the abrupt

2  terminations and no other similarly situated farm workers were

3  discharged at that time and in that manner.

4       10.   The EEOC seeks economic damages; compensatory damages;

5  punitive damages; injunctive relief; and its taxable costs

6  incurred in bringing this action.  The EEOC seeks economic

7  damages suffered by Maribel Ochoa, Delfina Ochoa, and Jose Ochoa,

8  and Guadalupe Martinez.  Specifically, the EEOC seeks their lost

9  wages suffered as a direct result of Defendant's retaliatory

10  discharge during July 2007.  During this time, the claimants were

11  earning approximately $7.50 to $7.75/hour.  The EEOC seeks the

12  difference in wages between what they would have earned but for

13  the discharges and what they actually did earn.  All the

14  information necessary to make a precise calculation of those

15  economic losses is in Defendant's exclusive possession and

16  control.  Upon receipt of such evidence, the EEOC will supplement

17  its response in this regard.  In addition, the EEOC seeks to

18  recover prejudgment interest on all the identified claimants'

19  economic losses calculated at the relevant IRS interest rate for

20  underpayment of taxes and compounded quarterly, and a positive

21  letter of reference for potential future employers.

22       11.   Furthermore, the EEOC seeks compensatory damages for

23  the emotional distress (garden-variety), pain, suffering,

24  humiliation, frustration and inconvenience the four identified

25  claimants suffered as a direct result of the discriminatory

26  conduct complained of in this lawsuit.  The EEOC seeks punitive

27  damages due to Defendant's malice and reckless indifference

28  towards their federally protected rights, and to deter any such

**4**

1  future unlawful conduct.  Accordingly, the EEOC seeks

2  compensatory and punitive damages in the combined maximum amount

3  permitted by federal statute, i.e., $300,000.00 plus economic

4  damages.

5      12.  Lastly, the EEOC seeks injunctive and equitable relief

6  as reflected in its Complaint to ensure Defendant's future

7  compliance with Title VII including, but not limited to, the

8  implementation and/or revision of its anti-discrimination and

9  anti-retaliation policies in languages best understood by its

10 workforce, the hiring of a professional EEOC consultant, a notice

11 posting in the workplace, periodic monitoring reports to the

12 EEOC, and mandatory training for management and employees

13 regarding their rights and responsibilities under Title VII.

14     13.  Defendant denies the EEOC's allegations entirely.

15 Defendant denies that Maribel Ochoa was in any way sexually

16 harassed or subjected to a hostile work environment based on sex

17 while at Giumarra.  In addition, Defendant denies that Charging

18 Parties Maribel Ochoa, Delfina Ochoa, Jose Ochoa (collectively

19 "Charging Parties"), or alleged similarly-situated individual

20 Guadalupe Martinez ("Martinez"), complained to anyone at Giumarra

21 regarding the allegations in EEOC's Complaint, and denies that

22 they were in any way retaliated against.  Instead, each of these

23 individuals voluntarily quit their employment at the company.

24 Defendant denies that plaintiff EEOC, Charging Parties, or

25 Martinez are in any way entitled to damages, and denies that

26 Plaintiff EEOC is entitled to injunctive and equitable relief.

27 IV.  Orders Re Amendments To Pleadings.

28     1.  Presently, the EEOC does not anticipate amending its

5

1  Complaint.

2      2.    Defendant has answered the EEOC's Complaint and does
3  not presently intend to amend its Answer.

4      3.    The proposed Intervenors have submitted a proposed
5  Complaint-in-Intervention which includes supplemental claims
6  under state law including discrimination and retaliation.

7  V.    Factual Summary.

8      A.    Admitted Facts Which Are Deemed Proven Without Further
9  Proceedings.

10         1.    The parties agree that Charging Parties Maribel
11  Ochoa, Delfina Ochoa, Jose Ochoa, and alleged similarly-situated
12  Plaintiff, individual Guadalupe Martinez, were employed at
13  Giumarra Vineyards at times alleged in the complaint.

14         2.    Giumarra Vineyards Corporation is a corporation
15  formed under the laws of the State of California.

16      B.    Contested Facts.

17         1.    All remaining facts are contested.

18  VI.   Legal Issues.

19      A.    Uncontested.

20         1.    Jurisdiction exists under 28 U.S.C. § 1331 and
21  Title VII, 42 U.S.C. § 2000e, et seq.

22         2.    Venue is proper under 28 U.S.C. § 1391 and 28
23  U.S.C. § 1343.

24         3.    In the event intervention is granted, and the
25  proposed Complaint-in-Intervention filed, the supplemental claims
26  shall be governed by the substantive law of the State of
27  California.

28  ///

1      B.    Contested.

2            1.   All legal issues asserted in the Complaint,

3      Answer, affirmative defenses, and proposed Complaint-in-

4      Intervention are disputed.

5      VII. Consent to Magistrate Judge Jurisdiction.

6            1.   The parties have not consented to transfer the

7      case to the Magistrate Judge for all purposes, including trial.

8      VIII.      Corporate Identification Statement.

9            1.   Any nongovernmental corporate party to any action in

10     this court shall file a statement identifying all its parent

11     corporations and listing any entity that owns 10% or more of the

12     party's equity securities.  A party shall file the statement with

13     its initial pleading filed in this court and shall supplement the

14     statement within a reasonable time of any change in the

15     information.

16     IX.  Discovery Plan and Cut-Off Date.

17           1.   The EEOC contends that discovery will be needed on the

18     following subjects: facts and witnesses supporting the EEOC's

19     claims of sexual harassment towards Maribel Ochoa, and

20     retaliation towards Maribel Ochoa, Delfina Ochoa, Jose Ochoa and

21     Guadalupe Martinez in violation of Title VII; the facts and

22     witnesses supporting Defendant's affirmative defenses;

23     Defendant's anti-discrimination policies; training and

24     implementation of the policies; Defendant's liability for

25     compensatory and punitive damages; and injunctive relief

26     remedies.

27           2.   At this time, Giumarra anticipates pursuing discovery

28     concerning:  any evidence EEOC may have to support its claims

                                  7

1  regarding the allegations contained in the EEOC Complaint and the
2  EEOC Charges of Charging Parties Delfina Ochoa, Maribel Ochoa,
3  and Jose Ochoa, as well as the EEOC's claims regarding alleged
4  similarly situated individual Guadalupe Martinez; any evidence
5  EEOC may have to support its claims related to the Charging
6  Parties' and Martinez's employment with and separation from
7  Giumarra, and any evidence the EEOC may have to support its
8  claims for damages and injunctive and equitable relief; any
9  evidence of EEOC's bias.  There may be additional issues Giumarra
10 will pursue through discovery.

11      3.    The parties have agreed that discovery does not need to
12 be conducted in phases or limited to certain issues.

13      4.    All written discovery shall be conducted in accordance
14 with the Federal Rules of Civil Procedure and Local Rules.  The
15 parties further agree (1) that each party will bear its own costs
16 for copying documents produced under Fed. R. Civ. P. 34 and in
17 response to any subpoena; (2) that depositions will be taken in
18 accordance with Fed. R. Civ. P. 30; (3) that each side can take a
19 maximum of twenty (20) depositions; (4) to act reasonably in
20 attempting to informally resolve issues that may arise concerning
21 limitations on the length and manner of taking depositions in
22 light of some witnesses' lack of English proficiency; and (5)
23 that discovery pleadings, including discovery requests and
24 responses, with the exception of document productions, will be
25 served both by regular mail and electronic service.  However,
26 documents produced in response to production requests need only
27 be served by regular mail.

28      5.    The parties intend to participate in a meet and confer

**8**

process regarding a stipulated protective order covering private and confidential information.  At this time, Plaintiff EEOC seeks a protective order regarding, *inter alia*, the oral deposition of any EEOC employee.  Defendant intends to bring a Motion to Compel depositions of Plaintiff EEOC's employees, if they are not produced voluntarily.

6.    The present Plaintiff and Defendant have made their Rule 26 disclosures.

7.    The parties are ordered to complete all discovery on or before June 30, 2011.

8.    The parties are directed to disclose all expert witnesses, in writing, on or before May 2, 2011.  Any rebuttal or supplemental expert disclosures will be made on or before June 2, 2011.  The parties will comply with the provisions of Federal Rule of Civil Procedure 26(a)(2) regarding their expert designations.  Local Rule 16-240(a) notwithstanding, the written designation of experts shall be made pursuant to F. R. Civ. P. Rule 26(a)(2), (A) and (B) and shall include all information required thereunder.  Failure to designate experts in compliance with this order may result in the Court excluding the testimony or other evidence offered through such experts that are not disclosed pursuant to this order.

9.    The provisions of F. R. Civ. P. 26(b)(4) shall apply to all discovery relating to experts and their opinions. Experts may be fully prepared to be examined on all subjects and opinions included in the designation.  Failure to comply will result in the imposition of sanctions.

///

9

1  **X.    Pre-Trial Motion Schedule.**

2       1.    All Non-Dispositive Pre-Trial Motions, including any

3  discovery motions, will be filed on or before July 15, 2011, and

4  heard on August 19, 2011, at 9:00 a.m. before Magistrate Judge

5  Sheila K. Oberto in Courtroom 8.

6       2.    In scheduling such motions, the Magistrate

7  Judge may grant applications for an order shortening time

8  pursuant to Local Rule 142(d).  However, if counsel does not

9  obtain an order shortening time, the notice of motion must comply

10 with Local Rule 251.

11      3.    All Dispositive Pre-Trial Motions are to be

12 filed no later than July 29, 2011, and will be heard on August

13 29, 2011, at 10:00 a.m. before the Honorable Oliver W. Wanger,

14 United States District Judge, in Courtroom 3, 7th Floor.  In

15 scheduling such motions, counsel shall comply with Local Rule

16 230.

17 **XI.   Pre-Trial Conference Date.**

18      1.    October 3, 2011, at 11:00 a.m. in Courtroom 3, 7th

19 Floor, before the Honorable Oliver W. Wanger, United States

20 District Judge.

21      2.    The parties are ordered to file a Joint Pre-

22 Trial Statement pursuant to Local Rule 281(a)(2).

23      3.    Counsel's attention is directed to Rules 281

24 and 282 of the Local Rules of Practice for the Eastern District

25 of California, as to the obligations of counsel in preparing for

26 the pre-trial conference.  The Court will insist upon strict

27 compliance with those rules.

28 *///*

XII. Motions - Hard Copy.

1.    The parties shall submit one (1) courtesy paper copy to the Court of any motions filed.  Exhibits shall be marked with protruding numbered or lettered tabs so that the Court can easily identify such exhibits.

XIII.  Trial Date.

1.    November 15, 2011, at the hour of 9:00 a.m. in Courtroom 3, 7th Floor, before the Honorable Oliver W. Wanger, United States District Judge.

2.    This is a jury trial.

3.    Counsels' Estimate Of Trial Time:

a.    12-15 days.

4.    Counsels' attention is directed to Local Rules of Practice for the Eastern District of California, Rule 285.

XIV. Settlement Conference.

1.    A Settlement Conference is scheduled for July 6, 2011, at 10:30 a.m. in Courtroom 8 before the Honorable Sheila K. Oberto, United States Magistrate Judge.

2.    Unless otherwise permitted in advance by the Court, the attorneys who will try the case shall appear at the Settlement Conference with the parties and the person or persons having full authority to negotiate and settle the case on any terms at the conference.

3.    Permission for a party [not attorney] to attend by telephone may be granted upon request, by letter, with a copy to the other parties, if the party [not attorney] lives and works outside the Eastern District of California, and attendance in person would constitute a hardship.  If telephone attendance is

1   allowed, the party must be immediately available throughout the

2   conference until excused regardless of time zone differences.

3   Any other special arrangements desired in cases where settlement

4   authority rests with a governing body, shall also be proposed in

5   advance by letter copied to all other parties.

6          4.    Confidential Settlement Conference Statement.

7   At least five (5) days prior to the Settlement Conference the

8   parties shall submit, directly to the Magistrate Judge's

9   chambers, a confidential settlement conference statement.  The

10  statement should not be filed with the Clerk of the Court nor

11  served on any other party.  Each statement shall be clearly

12  marked "confidential" with the date and time of the Settlement

13  Conference indicated prominently thereon.  Counsel are urged to

14  request the return of their statements if settlement is not

15  achieved and if such a request is not made the Court will dispose

16  of the statement.

17         5.    The Confidential Settlement Conference

18  Statement shall include the following:

19              a.    A brief statement of the facts of the

20  case.

21              b.    A brief statement of the claims and

22  defenses, i.e., statutory or other grounds upon which the claims

23  are founded; a forthright evaluation of the parties' likelihood

24  of prevailing on the claims and defenses; and a description of

25  the major issues in dispute.

26              c.    A summary of the proceedings to date.

27              d.    An estimate of the cost and time to be

28  expended for further discovery, pre-trial and trial.

12

1          e.    The relief sought.

2          f.    The parties' position on settlement,

3  including present demands and offers and a history of past

4  settlement discussions, offers and demands.

5  XV.   Request For Bifurcation, Appointment Of Special Master,

6  Or Other Techniques To Shorten Trial.

7          1.    To the extent punitive damages are sought as to the

8  amount, if any, that issue shall be tried in a continuous trial

9  in a second phase before the same jury.

10 XVI. Related Matters Pending.

11         1.    There are no related matters.

12 XVII.      Compliance With Federal Procedure.

13         1.    The Court requires compliance with the Federal

14 Rules of Civil Procedure and the Local Rules of Practice for the

15 Eastern District of California.  To aid the court in the

16 efficient administration of this case, all counsel are directed

17 to familiarize themselves with the Federal Rules of Civil

18 Procedure and the Local Rules of Practice of the Eastern District

19 of California, and keep abreast of any amendments thereto.

20 XVIII.      Effect Of This Order.

21         1.    The foregoing order represents the best

22 estimate of the court and counsel as to the agenda most suitable

23 to bring this case to resolution.  The trial date reserved is

24 specifically reserved for this case.  If the parties determine at

25 any time that the schedule outlined in this order cannot be met,

26 counsel are ordered to notify the court immediately of that fact

27 so that adjustments may be made, either by stipulation or by

28 subsequent scheduling conference.

1       **2.   Stipulations extending the deadlines contained**

2  **herein will not be considered unless they are accompanied by**

3  **affidavits or declarations, and where appropriate attached**

4  **exhibits, which establish good cause for granting the relief**

5  **requested.**

6       **3.   Failure to comply with this order may result in**

7  **the imposition of sanctions.**

8

9  IT IS SO ORDERED.

10  **Dated:**   **July 1, 2010**                                   **/s/ Oliver W. Wanger**
                                              UNITED STATES DISTRICT JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28