1
2
3
4
5                    UNITED STATES DISTRICT COURT

6                    EASTERN DISTRICT OF CALIFORNIA

7

8    EQUAL EMPLOYMENT OPPORTUNITY        1:09-CV-02255-OWW-SKO
     COMMISSION,
9                                        MEMORANDUM DECISION RE:
                                         PLAINTIFF-INTERVENORS' MOTION
10                    Plaintiff,         TO INTERVENE (Doc. 7.)

11
          v.
12

13   GIUMARRA VINEYARDS
     CORPORATION, *et al.,*
14

15                    Defendants.

16

17                   I.   <u>INTRODUCTION</u>.

18        This matter is before the Court on Delfino Ochoa, Maribel

19   Ochoa, Jose Ochoa, and Guadalupe Martinez's motion to intervene in

20   this action as plaintiffs pursuant to Federal Rule of Civil

21   Procedure 24(a).    Defendant Giumarra Vineyards Corporation

22   ("Giumarra") opposes the motion, arguing that the intervening

23   plaintiffs cannot introduce additional causes of action beyond what

24   was originally alleged in the EEOC's complaint.    Defendant also

25   objects to Guadalupe Martinez's motion in its entirety.    According

26   to Defendant, Martinez is not an "aggrieved person" under 42 U.S.C.

27   § 2000e-5(f)(1) and his reliance on the "single-filing" rule is

28   inapplicable to the facts of this case.

                              1

1

## II.  **BACKGROUND**.

2  The Equal Employment Opportunity Commission ("EEOC") brought

3 the current action against Defendant Giumarra Vineyards Corporation

4 ("Giumarra") on December 29, 2009.  The EEOC filed suit under Title

5 VII of the Civil Rights Act of 1964, ("Title VII"), and Title I of

6 the Civil Rights Act of 1991, ("Title I"), to correct unlawful

7 employment practices and to provide relief to charging parties

8 Delfino Ochoa, Maribel Ochoa, and Jose Ochoa, as well as Guadalupe

9 Martinez, a "similarly situated individual."[1]  In its complaint,

10 the EEOC alleges that Giumarra subjected Maribel Ochoa to a hostile

11 work environment and retaliation.  The complaint also alleges that

12 Delfino Ochoa, Jose Ochoa, and Guadalupe Martinez were discharged

13 "in retaliation for having engaged in statutorily protected

14 activity."

15  According to the complaint, in early July 2007, Maribel Ochoa,

16 who was employed at Giumarra's Edison, California facility, was

17 subjected to unwelcome conduct of a sexual nature by a male co-

18 worker.  (Compl. ¶ 11.)  The co-worker allegedly told Maribel Ochoa

19 that he "wanted to have sex with her," and openly discussed his

20 anatomy.  (Id.)  The repeated advances were unwelcome and Maribel

21 Ochoa complained to management in an attempt to end the harassment,

22 to no avail.  (Id.)

23  It is alleged that on July 19, 2007, Delfino Ochoa, Maribel

24 Ochoa, Jose Ochoa, and Guadalupe Martinez complained to Giumarra

25 management concerning the sexual harassment of Maribel Ochoa, who

26

27

28   [1]  In its complaint, the EEOC refers to Mr. Martinez as "Guadeloupe Martinez."

**2**

was seventeen years-old at the time.  (Id. ¶ 12(a).)  The four

individuals were allegedly terminated the next day, July 20, 2007.

(Id.)  According to the complaint, Giumarra terminated their

employment "in retaliation for their opposition to unlawful sexual

harassment in their workplace":

> The terminations occurred less than 24 hours after the
> complaints were made and well in advance of the
> growing season the Charging Parties and Mr. Martinez
> were supposed to work through.  None of the Charging
> Parties, nor Mr. Martinez, were given any reason for
> the abrupt terminations and no other similarly
> situated farmer workers were discharged at that time
> in that manner.

(Id. ¶ 12(c).)

The EEOC seeks permanent injunctions enjoining Giumarra from

discriminating based on sex and from engaging in retaliation for

conduct protected by Title VII.  It also seeks monetary relief that

would make Delfino Ochoa, Maribel Ochoa, Jose Ochoa, and Guadalupe

Martinez whole, compensation for past and future pecuniary losses,

compensation for past and future non-pecuniary losses, and punitive

damages for engaging in discriminatory practices.

On February 9, 2010, Intervening-Plaintiffs filed this motion

to intervene pursuant to Federal Rule 24(a).[2]  Intervening-

Plaintiffs' complaint is substantially similar to the EEOC's

complaint except for two additions: (1) their Title VII claims

include allegations of discrimination/harassment based on national

origin;  and (2) they advance state law claims of employment

discrimination, harassment, retaliation, and related claims under

---

[2] Intervening-Plaintiffs attached a "Proposed Complaint in
Intervention For Damages and Injunctive Relief" to their Rule 24(a)
motion.  (Doc. 7-2.)

1    the Fair Employment and Housing Act ("FEHA"), California Government
2    Code § 12940, *et seq.*[3]

3    Defendant Giumarra opposed the motion to intervene on March
4    29, 2010.

5    Intervening-Plaintiffs filed their reply to Defendant's
6    opposition on April 5, 2010.   In support of their reply, they
7    submitted: (1) a 21-page reply memorandum; (2) the Declaration of
8    Mario Martinez, counsel for Intervening-Plaintiffs; and (3)
9    numerous exhibits, including EEOC correspondence and "right-to-sue"
10   letters.[4]  (Doc. 10.)

11   The EEOC has not filed an opposition or statement of
12   non-opposition to the motion.

13

14                    III.   **LEGAL STANDARD**.

15   Four individuals seek to intervene in the EEOC's action:
16   Delfino Ochoa, Maribel Ochoa, Jose Ochoa, and Guadalupe Martinez.
17   Intervening-Plaintiffs argue that they are entitled to intervene as
18   a matter of right, pursuant to Rule 24(a) of the Civil Rules of
19   Civil Procedure.   Under Federal Rule 24(a), intervention of right
20   shall be permitted when either federal statute confers the
21   unconditional right to intervene in the action, or when the
22   applicant claims an interest which may, as a practical matter, be

23   _____

24       [3] Intervening-Plaintiffs also advance claims pursuant to
25   California Civil Code § 1942.5 and Government Code §§ 1955.7 and
     12955(f).

26       [4] It is expected that Intervening-Plaintiffs will familiarize
27   themselves with the Eastern District of California's Local Rules
     and the "Standing Order," which provides that "reply briefs by
28   moving parties shall not exceed 10 pages."

                              **4**

impaired or impeded by disposition of the pending action, and that interest is not adequately represented by existing parties.

Title VII is one of the few statutes that provides individuals a right to intervene.  See 42 U.S.C. § 2000e-5(f)(1) ("[T]he person or persons aggrieved shall have the right to intervene in a civil action brought by the [EEOC]....").  Most courts agree that this statutory provision permits individuals an "unconditional right to intervene" under Rule 24(a)(1) in a Title VII enforcement action brought by the EEOC against the employer.  *See, e.g.*, *E.E.O.C. v. University of Phoenix, Inc.*, No.06-2303-PHX-MHM, 2008 WL 1971396 at *1 (D. Ariz. May 2, 2008).

Federal Rule 24(a) imposes the additional requirement that the application to intervene be timely.  In order to determine whether the motion to intervene is timely, the court considers the length of time between the intervenor's learning of his interest and filing, the prejudice to the defendant from intervention, the prejudice to the intervenor from a denial of intervention, and any unusual circumstances.  *See Arakaki v. Cayetano*, 324 F.3d 1078, 1083 (9th Cir. 2003)

## IV.  DISCUSSION.

As a preliminary matter, courts in the Ninth Circuit have held that an application for intervention cannot be resolved by reference to the ultimate merits of the claim the intervenor seeks to assert.  *See Cho v. Fujita Kanko Guam, Inc.*, No. CVA08-002, 2009 WL 5342508 (Guam Terr. Dec. 31, 2009) (citing *Turn Key Gaming, Inc. v. Oglala Sioux Tribe*, 164 F.3d 1080, 1081 (8th Cir. 1998)).  Rule 24 is to be construed liberally, and doubts resolved in favor of

the proposed intervenor.  *Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir. 1998).   In considering a motion to intervene, the district court must accept as true nonconclusory allegations of the motion and proposed complaint in intervention "absent sham, frivolity or other objections."  *Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 819 (9th Cir. 2001).

Defendant organizes its opposition according to EEOC status, i.e., it distinguishes between "charging parties" and "similarly situated individuals."   As to Delfino Ochoa, Maribel Ochoa, and Jose Ochoa, the "charging parties," Defendant argues that they cannot advance a national origin claim because "the EEOC abandoned those claims."   With respect to Guadalupe Martinez, an alleged "similarly situated individual," Defendant contends that the motion should be denied in its entirety because he has not exhausted his administrative remedies and the original EEOC charge does not provide an adequate factual basis to allow "piggybacking."

### A.   Delfino Ochoa, Maribel Ochoa, and Jose Ochoa

#### 1.   *Right to Intervene*

Applying Rule 24(a)'s first factor, it is undisputed that Delfino Ochoa, Maribel Ochoa, and Jose Ochoa are aggrieved persons, as they filed the charges upon which the EEOC's lawsuit is based. *See, e.g., E.E.O.C. v. Waffle House, Inc.*, 534 U.S. 279, 291 (2002) ("If [...] the EEOC files suit on its own, the employee [...] may intervene in the EEOC's suit.");   *see also EEOC v. Rappaport, Hertz, Cherson & Rosenthal, P.C.*, 273 F. Supp. 2d 260, 263 (E.D.N.Y. 2003) (Under the provisions of 42 U.S.C. § 2000e-5(f)(1), "an aggrieved person is defined as a person who has filed a charge

with the EEOC.").  They have the unconditional right to intervene
in this case if their motion was timely.

### 2. *Timeliness*

Timeliness is determined by considering the totality of the
circumstances.  *NAACP v. New York*, 413 U.S. 345, 365-66 (1973).
Here, under the totality of the circumstances, the Ochoa
Intervenors' motion to intervene is timely.  The timeliness of the
motion is not disputed, discovery in the case has not yet begun,
the trial date has not been set, and the motion was filed within 45
days of the filing of the complaint.  In addition, because their
claims gave rise to the enforcement action and the motion was filed
at the earliest stage of the proceedings, allowing the Ochoa's to
intervene is unlikely to prejudice the parties.

### 3. *Arguments Opposing Intervention*

Defendant Giumarra acknowledges that Delfino Ochoa, Maribel
Ochoa, and Jose Ochoa are entitled to intervene to advance hostile
work environment and retaliation claims.  However, Defendant argues
the motion should be denied as to their national origin claims
because "[they] have not requested right-to-sue letters, and the
EEOC does not have appear to have issued such letters" on this
issue.  According to Defendant, a right-to-sue letter is a
prerequisite to filing a lawsuit and, in this case, no letter was
obtained on their national origin claims.

Defendant's arguments are unpersuasive for two reasons.
First, Delfino Ochoa, Maribel Ochoa, and Jose Ochoa each received
a "right-to-sue" letter from the EEOC on April 5, 2010.  (Doc. 10-

2, pgs. 17 through 20.)  The receipt of the "right-to-sue" letters, which occurred one week after Defendant filed its opposition, moots Defendant's opposition arguments.  Second, Defendant provides no authority for the proposition that Rule 24(a) intervention is barred if Intervening-Plaintiffs receive the right-to-sue letters *after* the commencement of litigation.  Defendant has cited several cases discussing the parameters of "right-to-sue" letters generally, but does not cite a single case holding that *subsequent* receipt of a "right-to-sue" letter by a charging party bars the individual from intervening in the EEOC action.  Absent controlling or persuasive authority on the issue, the receipt of the right-to-sue letters on April 5, 2010 controls the facts of this case and permits intervention.

The parties' briefing also includes a discussion of whether Delfino Ochoa, Maribel Ochoa, and Jose Ochoa can properly maintain their national origin claims pursuant to *Surrell v. California Water Service Co.*, 518 F.3d 1097 (9th Cir. 2008).  In *Surrell*, the Ninth Circuit held that where "a plaintiff is entitled to receive a right-to-sue letter from the EEOC, a plaintiff may proceed absent such a letter, provided they have received a right-to-sue letter from the appropriate state agency."[5]  *Id.* at 1005.  Because the receipt of "right to sue" letters resolves the Rule 24(a) motion as to Delfino Ochoa, Maribel Ochoa, and Jose Ochoa's national origin claims, it is unnecessary to determine whether the facts of this

---

[5] Intervening-Plaintiffs also cite *Surrell* for the proposition that "once a plaintiff is entitled to receive a right-to-sue-letter [...] it makes no difference whether the plaintiff actually obtained it." *Id.* at 1105.

case "fall squarely within the equitable rule recognized in *Surrell*."

Intervening-Plaintiffs Delfino Ochoa, Maribel Ochoa, and Jose Ochoa's motion to intervene is GRANTED.

B.   Guadalupe Martinez

1.   *Right to Intervene*

The substance of Defendant's opposition is that Plaintiff-Intervenor Guadalupe Martinez's is not an "aggrieved person" under 42 U.S.C. § 2000e-5(f)(1).[6] According to Defendant, Martinez has not "provided an adequate basis as to whether he filed a charge with the EEOC relating to the allegations in this case [and] he does not appear to have filed an EEOC charge." (Doc. 9 at 5:12-5:13.)   Defendant cites *EEOC v. GMRI, Inc.*, 221 F.R.D. 562, 563 (D. Kan. 2004) for the proposition that an "aggrieved person" is limited to persons who "have filed a charge with the EEOC."[7]

Mr. Martinez acknowledges that he has not yet received a "right-to-sue" letter from the EEOC concerning his claims against

_____

[6] For the reasons stated in IV(A)(2), *supra*, the timeliness of Martinez's motion to intervene is not disputed and is not a bar to intervention.   Mr. Martinez and the Ochoa Intervenors filed a single motion to intervene, which was filed within 45 days of the filing of the EEOC's Complaint.

[7] *EEOC v. GMRI, Inc.* was limited to whether the charging party had a right to intervene in the EEOC's case. *See id.* at 563-64 ("Here, it is undisputed that Ms. Dawson is the aggrieved person, as she is the person who filed the charge upon which the EEOC's lawsuit is based. She therefore has the unconditional right to intervene in this case.").   It is undisputed that Mr. Martinez is not a "charging party" in this case.

1   **Defendant Giumarra.**[8]   **Mr. Martinez contends, however, that the**

2   **"single filing" exception to the individual filing requirement**

3   **supports his motion to intervene.   Under this exception, which is**

4   **known alternatively as the "single filing rule" or "piggybacking,"**

5   **an individual who has not filed an administrative charge can**

6   **"piggyback" on an EEOC complaint filed by another person who is**

7   **similarly situated.**[9]   ***See, e.g., Thiessen v. Gen. Elec. Capital***

8   ***Corp.*, 267 F.3d 1095, 1110 (10th Cir. 2001).**

9         **"The policy behind the single filing rule is that it would be**

10  **wasteful, if not vain, for numerous employees, all with the same**

11  **grievance, to have to process many identical complaints with the**

12  **EEOC."   *Id*.   The rule intends to "give effect to the remedial**

13

14         [8] While it is unclear whether Mr. Martinez filed a charge with
15  the EEOC prior to the commencement of this action in December 2009,
    it is undisputed that he has not received a "right to sue" letter
16  from the EEOC.   According to his counsel's declaration, Mr.
    Martinez contacted the EEOC's Los Angeles office in 2007, but his
17  charge was lost and "the EEOC legal staff [could not] explain why
    a charge was not ultimately filed on behalf of Mr. Martinez."
18  (Doc. 10-2 ¶ 4-5.)   Counsel further explains that Martinez "fully
    participated" in the litigation both before and after the charges
19  were filed, taking part in two formal interviews with the EEOC
    prior to December 2009.   (Id. ¶ 6.)   At oral argument on May 17,
20  2010, the EEOC's counsel clarified that, according to its records,
    Mr. Martinez contacted the EEOC in 2007, but the file was closed
21  due to inactivity.   As such, the nature and purpose of Mr.
22  Martinez's inquiry is unknown, however, it is undisputed that Mr.
    Martinez did not follow-up with his initial query at the EEOC's Los
23  Angeles office.

24
         [9] Although the Ninth Circuit has not specifically addressed
25  the issue, the single filing rule has been applied under various
    circumstances by the Second, Fifth, Sixth, Seventh, Eighth, Tenth,
26  and Eleventh Circuits.   *See, e.g., Anderson v. Unisys Corp.*, 47
    F.3d 302, 308 (8th Cir. 1995);   *see also Anson v. Univ. of Tex.*
27  *Health Science Ctr.*, 962 F.2d 539, 541 (5th Cir. 1992) (The single
28  filing rule is "universally [held].").

purposes of [Title VII] and to not exclude other suitable plaintiffs from [a Title VII] class action simply because they have not performed the useless act of filing a charge." *Foster v. Ruhrpumpen, Inc.*, 365 F.3d 1191, 1197 (10th Cir. 2004). An act of filing an EEOC charge is deemed "useless" in "situations in which the employer is already on notice that Plaintiffs may file discrimination claims, thus negating the need for additional filings." *EEOC v. Outback Steak House of Fla., Inc.*, 245 F.R.D. 657, 659 (D. Colo. 2007) (citation omitted). The Tenth Circuit has observed:

> As long as the EEOC and the company are aware of the nature and scope of the allegations, the purposes behind the filing requirement are satisfied and no injustice or contravention of congressional intent occurs by allowing piggybacking.

*Thiessen*, 267 F.3d at 1110.

Courts often look to the predicate or "actually filed" EEOC charge to determine whether a company had sufficient notice to support piggybacking in a given case.[10] *See, e.g., Gitlitz v. Compagnie Nationale Air France,* 129 F.3d 554, 558 (11th Cir. 1997) ("A plaintiff who has not filed an individual EEOC charge may invoke the single-filing rule where such plaintiff is similarly situated to the person who actually filed an EEOC charge, and where the EEOC charge actually filed gave the employer notice of the collective or class-wide nature of the charge."); *EEOC v. Cal. Psychiatric Transitions, Inc.*, 644 F. Supp. 2d 1249, 1265 ("A

---

[10] In this case, the "actually filed" charges are the EEOC charges filed by Delfino Ochoa, Maribel Ochoa, and Jose Ochoa on October 31 and November 15, 2007.

**11**

charge will be adequate to support piggybacking under the single filing rule if it contains sufficient factual information to notify prospective defendants of their potential liability and permit the EEOC to notify prospective defendants of their potential liability and permit the EEOC to attempt informal conciliation of the claims before a lawsuit is filed."); *see also EEOC v. Albertson's LLC*, 579 F. Supp. 2d 1342, 1345 (D. Colo. 2008) (finding that the single-filing rule is appropriate "*where the EEOC charge actually filed* gave the employer notice of the collective or class-wide nature of the charge.") (emphasis added).   A review of the "actually filed" EEOC charge guarantees that "the settlement of grievances [was] attempted first through the EEOC." *Calloway v. Partners Nat. Health Plans*, 986 F.2d 446, 450 (11th Cir. 1993).[11]

Whether Guimarra had sufficient notice of the cumulative or class-like nature of the allegations is heavily disputed.   Guimarra argues that the earlier EEOC charges did not reference "similarly situated" individuals or class allegations, therefore Mr. Martinez cannot avail himself of the single filing rule.   Guimarra explains:

The EEOC Charges of Discrimination at issue in this case

[11] *Calloway* explained the importance of the EEOC in the context of the single filing rule: "Each of these applications of the single-filing rule has been grounded in the purpose of the EEOC charge requirement 'that the settlement of grievances be first attempted through the office of the EEOC.'   By requiring that the relied upon charge be otherwise valid, and that the individual claims of the filing and non-filing plaintiff arise out of similar discriminatory treatment in the same time frame, we have ensured that no plaintiff be permitted to bring suit until the EEOC has been given the opportunity to address the grievance.   Indeed, we have rebuffed attempts to invoke the single-filing rule where the relied upon charge is invalid, or where the claimed discriminatory treatment is not similar or does not arise out of the same time frame."   *Id*. at 450.

12

1  brought by Delfina Ochoa, Maribel Ochoa, and Jose Ochoa
2  do not contain reference to other 'similarly situated'
   or 'similarly aggrieved' individuals on whose behalf
3  those charges are being brought.  Indeed, there is no
   indication or reference to any other employees other
4  than the charging parties themselves in each of the
   Ochoas' charges.  Here, not only is there no reference
5  to Martinez or any other 'similarly situated
   individuals' in the Ochoas' EEOC charges, but as to the
6  retaliation claims, on which Martinez also seeks to
   'piggyback' here, the charges actually specifically
7  indicate that it was the Ochoas' 'family' whom was asked
   to leave, but there is no reference to any other
8  persons, including Martinez, or 'similarly situated
   individuals,' who are alleged to have been terminated.
9  For this reason, Martinez cannot 'piggyback' on the
   Ochoas' EEOC charges, and he cannot rely on the 'single
   filing rule' to intervene in this case.

10

11  (Doc. 9 at 7:12-7:23.)

12      Mr. Martinez rejoins that Guimarra had sufficient notice of

13  the collective nature of the action as early as December 2007.  Mr.

14  Martinez relies on two facts to support this assertion:   (1) a

15  December 21, 2007 letter from Guimarra's counsel to the EEOC, which

16  identifies Mr. Martinez as "Ms. Ochoa's boyfriend" and states that

17  he quit his job with the Ochoa's on July 17, 2007; and (2) the

18  EEOC's "Letters of Determination," sent to Giumarra on August 10,

19  2009, that provide in relevant part:[12]  "The Commission also finds

20  that the evidence indicates that there is reasonable cause to

21  believe that Charging Party and other similarly situated employees

22  were subjected to retaliation when they were terminated for

23  engaging in the legally protected activity opposing sexual

24  harassment and/or participating in a complaint or investigation of

25

26      [12]  The EEOC issued three near-identical "Letters of
27  Determination," one for each claimant, on August 10, 2009.
   Intervening-Plaintiffs attached the letters to their reply, which
28  was filed on April 5, 2010.  (Doc. 10-2.)

sexual harassment."  Mr. Martinez claims that these letters, taken together, establish that Guimarra had sufficient knowledge to allow piggybacking in this case.

Guimarra's arguments concerning its understanding of the allegations made against it are unpersuasive.  Although the relevant EEOC charges did not reference "similarly situated" individuals or class allegations *specifically*, they did provide sufficient information to allow piggybacking in this case.  For example, Intervening-Plaintiff Maribel Ochoa's EEOC charge provides that she was "harassed and discriminated against based on [her] national origin," and that a crew leader "often yelled at me, my family, and other indigenous crew members, saying that we are Indians who could not speak Spanish as a second language."  Delfino Ochoa and Jose Ochoa's EEOC charges also provide that they and other Guimarra employees were denigrated and discriminated against based on their national origin.  At a minimum, these factual allegations put Guimarra "on notice" of national origin discrimination claims from similarly situated employees, which includes Intervening-Plaintiff Guadalupe Martinez.

There is also evidence that Guimarra had notice of the collective nature of the retaliation claims.  Although the EEOC charges, by themselves, lack sufficient cumulative content to support piggybacking on this claim, Guimarra had notice based on the EEOC's investigation and correspondence from 2007 onward.  For instance, in its December 21, 2007 letter to the EEOC, Guimarra acknowledged that the Ochoas and Mr. Martinez "came in to the Guimarra payroll office and asked to speak with the payroll clerk stating they wanted their final checks because they were quitting."

The separation was allegedly a result of retaliation and sexual harassment. More specifically, the EEOC's Letters of Determination, the operative EEOC complaint, and the Proposed Complaint in Intervention, identify Mr. Martinez as a "similarly situated employee" who was "subjected to retaliation" when he was terminated for engaging in legally protected activity, i.e., opposing sexual harassment. All of this evidence supports intervention in this case.

Mr. Martinez's motion to intervene is granted for another reason, namely that most courts confronting the issue have adopted a test requiring only that the timely exhausted claims and the non-exhausted claims arise out of the same circumstances and occur within the same general time-frame. *See EEOC v. Outback Steak House of Fla., Inc.*, 245 F.R.D. at 659 (cataloging cases applying the prevailing test). Applying that test to the facts of this case, Martinez's claim is nearly identical to Delfino Ochoa, Maribel Ochoa, and Jose Ochoa's in terms of temporal proximity and subject matter. In particular, Martinez was allegedly terminated on the same day as the Ochoas, for the same reasons - retaliation and national origin discrimination. They also worked on the same "picking line," lived together in the same Giumarra-provided housing unit, and, on July 17, 2007, collectively complained to the same two Giumarra employees, Ms. Ana Felix and Ms. Anna Gonzalez. Under the test employed by a number of district courts throughout the United States, Mr. Martinez can piggyback his claims onto those of the charging parties, the Ochoas. *See EEOC v. Albertson's LLC*, 579 F. Supp. 2d at 1347 ("[The Court] find[s] that the rationale and reasoning in EEOC v. Outback Steak House - in conjunction with

15

the single file doctrine as adopted by the Tenth Circuit and discussed above - to be persuasive and applicable here.").[13]

On similar facts, *EEOC v. Outback Steak House of Fla., Inc.*, 245 F.R.D. 657, held:

> Based on [the Tenth Circuit's] application of the single filing rule, I hold that a plaintiff who failed to file a charge of discrimination with the EEOC, but who asserts she was subject to similar discrimination by the same actors during the same time frame as the charging parties, is an 'aggrieved person' within the meaning of section 2000e-(f)(1).  In the instant case, Defendants do not deny that Applicant *Joffee's* complaint in intervention asserts she was subject to similar discrimination by the same actors during the same time frame as [charging] Plaintiffs. Accordingly, under the facts of this case, I find that Applicant *Joffee's* filing of a charge with the EEOC would have been useless and she may now piggyback her claim onto those of the charging parties.
>
> Defendants' contention that this court lacks subject matter jurisdiction due to Applicant *Joffee's* failure to exhaust remedies is similarly misplaced.  The single filing rule is an exception to the requirement of exhaustion.

*Id.* at 659-60.

This language applies with equal force to the present facts because *Outback,* like this case, analyzed whether a non-charging party could intervene in an action where the individual was subject to similar discrimination by the same actors during the same time-frame.

---

[13] *Albertson's* framed the relevant legal issue as: "[D]oes the definition of 'persons aggrieved' set forth in 42 U.S.C. § 2000e-5(f)(1) provide a statutory right to intervene in an EEOC enforcement action to persons other than the party whose charge is the basis of the lawsuit."  *Id.* at 1347.  The *Albertson's* court concluded that "the Applicants here are aggrieved persons, as set forth in 42 U.S.C. § 2000e-5(f)(1), and thus are given an unconditional right to intervene by federal statute pursuant to Fed.R.Civ.P. 24(a)(1)."  *Id.*

1    Here, Defendant's arguments are not meritless.  First, there
2    is no Ninth Circuit authority on point and motions to intervene
3    cannot be resolved by reference to the ultimate merits of the
4    claims asserted.   Absent Ninth Circuit authority defining the
5    application and scope of piggybacking in the Rule 24(a) context,
6    the analogous precedent from other circuit and district courts is
7    persuasive.  *See, e.g., Cedars-Sinai Med. Ctr. v. Nat'l League of*
8    *Postmasters of the United States*, 497 F.3d 972, 977  n. 2 (9th Cir.
9    2007) ("Because there is no Ninth Circuit authority discussing
10   FEHBA pre-emption issues involving the claims of a third-party
11   health care provider, we may look to analogous cases involving the
12   application of ERISA's pre-emption provision.").

13   Under those precedents, Guimarra had sufficient notice of "the
14   nature and scope of the allegations" to satisfy the requirements of
15   the  single  filing  rule.   While  the  EEOC  charges  did  not
16   specifically identify "similarly situated persons" or Mr. Martinez
17   by name, Guimarra has cited no legal authority that such specific
18   disclosure is a prerequisite to operation of the single filing
19   rule. Rather, the opposite is true.[14]  *See Dukes v. Wal-Mart Stores*
20   *Inc.*, 2002 WL 32769185 at 10-12 (N.D. Cal. Sept. 9, 2002)
21   (analyzing the "actually filed" EEOC charges and the complaint to
22   determine  whether  there  was  sufficient  notice  to  support
23   piggybacking.)  Further, any uncertainty over the requisite notice
24   was  removed  by  virtue  of  the  EEOC's  investigation  and
25   correspondence, which commenced in 2007 and continued through late

26

27        [14] Moreover, as explained above, the Ochoas' EEOC charges
     provided  adequate  notice  of  the  collective  nature  of  the
28   allegations against Defendant.

1   2009.  On the current record and resolving doubts in favor of the
2   proposed   intervenor,   Guimarra   had   adequate   notice   of   the
3   retaliation   and   discrimination   claims   of   similarly   situated
4   individuals, which includes Mr. Martinez.

5         Even accepting Guimarra's arguments that the EEOC *charges* did
6   not provide adequate notice of the collective nature of the claims
7   against it, it still could not prevail.  As explained in *Gitlitz v.*
8   *Compagnie Nationale Air France,* 129 F.3d 554 and *EEOC v. California*
9   *Psychiatric Transitions, Inc.*, 644 F. Supp. 2d 1249, the analytical
10  touchstone of the single filing rule is whether the company had
11  adequate   notice   of   the   grievance   to   provide   a   basis   for
12  conciliation.  Based on the current record, this standard was met.
13  If discovery reveals otherwise, the issue can be addressed pursuant
14  to a dispositive motion.

15        As Intervening-Plaintiff Mr. Martinez is an "aggrieved person"
16  under 42 U.S.C. § 2000e-5(f)(1), he has the right to intervene in
17  this case.  The motion is GRANTED.
18  //
19  //
20  //
21  //
22  //
23  //
24  //
25  //
26  //
27  //
28  //

18

**V.   <u>CONCLUSION</u>**

For the reasons stated:

1.     The motion to intervene by Delfino Ochoa, Maribel Ochoa, Jose Ochoa, and Guadalupe Martinez is GRANTED.

2.     The Proposed Complaint in Intervention is ORDERED FILED.

3.     Defendant shall have twenty (20) days to respond to the complaint.

IT IS SO ORDERED.

**Dated:    August 12, 2010            /s/ Oliver W. Wanger**
UNITED STATES DISTRICT JUDGE

19