Anna Y. Park, SBN 164242
Michael Farrell, SBN 266553
Connie K. Liem, TX SBN 791113
Rumduol Vuong, SBN 264392
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA 90012
Telephone:  (213) 894-1083
Facsimile:  (213) 894-1301
E Mail:  lado.legal@eeoc.gov

Attorneys for Plaintiff
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>　　Plaintiff,<br><br>DELFINA OCHOA, MARIBEL OCHOA, JOSE OCHOA, and GUADALUPE MARTINEZ<br><br>　　Plaintiff-Intervenors<br><br>　　vs.<br><br>GIUMARRA VINEYARDS, et al.,<br><br>　　Defendants. | Case No.:  1:09-cv-02255 OWW (MJS)<br><br>**STIPULATED PROTECTIVE ORDER ON CONFIDENTIAL  INFORMATION**<br><br><br>The Honorable Michael J. Seng<br>U.S. Magistrate Judge |

Plaintiff U.S. Equal Employment Opportunity Commission, Plaintiff-Intervenors Maribel Ochoa, Delfina Ochoa, Jose Ochoa, and Guadalupe Martinez,

1

and Defendant Giumarra Vineyards Corp., (the "Parties"), hereby jointly move this Court to enter its Stipulated Protective Order to (1) preclude the discovery of the immigration status of any Plaintiff-Intervenor, class member, or third-party witness, and (2) prevent the public disclosure of confidential information as defined below.

The Parties acknowledge the concerns regarding the confidential nature of the documentation and information covered by this Stipulated Protective Order, as well as the legal restrictions upon disclosure of some the information under federal and state law, the implication of privacy interests, and the potential harm that may result through public disclosure.  For these reasons, the Parties have agreed to the terms of this Stipulated Protective Order as follows:

1.      This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2.      The following information shall be precluded from discovery:

(a)     the immigration status of any  Plaintiff-Intervenor, class member, or third-party witness;

(b)     identification documents relating to immigration status;

(c)     social security numbers;

(d)     information regarding the use of alias or former names;  and

(e)     tax returns.

3.      The following categories of information, whether found in documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure are subject to this Order and hereafter deemed "Confidential Information":

(a)  contact information such as resident addresses, mailing addresses, phone numbers, and e-mail addresses of any Plaintiff-Intervenor, class member, or third-party witness;

 (b)  the immigration status and citizenship of any Plaintiff-Intervenor, class member, or third-party witness;

(c)  the identity of family members or associates residing with any Plaintiff-Intervenor, class member, or third-party witness;

(d)  the travel history of any Plaintiff-Intervenor, class member, or third-party witness involving crossing the United States border;

(e)  the possession or non-possession of social security cards and social security numbers;

(f)   alias and the use of alias or other former names used by any Plaintiff-Intervenor, class member, or third-party witness;

(g)  financial transactions outside the United States;

(h) government-issued documents relating to immigration status or travel abroad such as passports used by any Plaintiff-Intervenor, class member, or third-party witness;

(i)  the existence and use of addresses outside the United States;

(j)  the existence and identity of family members residing outside the United States; and

(k)  any information that an employer verified or could have used to verify immigration status at the time of hire.

4.	The Confidential Information shall be used solely for purposes of the above-captioned action and shall not be used for any other purpose.  This disclosure and use limitation applies to any copies summaries, notes or abstracts made there from of written discovery, deposition transcripts, and documents in addition to the originals.

5.	The Parties, Parties' counsel, and Parties' employees and agents will

(a)	hold in confidence all Confidential Information,

(b)  prevent the use, dissemination, or publication of any Confidential Information to any third party,  and

(c)  specifically restrict public disclosure of any Confidential Information contained in written discovery responses, depositions transcripts, and documents.

6. Prior to reviewing or gaining access to this Confidential Information, each Party must ensure that any non-party witness(es) and any expert witness(es) execute an agreement to be bound by the terms of this Order, (See Exhibit A attached hereto, Acknowledgement and Agreement to be Bound ("Acknowledgement")).  Witnesses are prohibited from disclosing Confidential Information outside this action.  The Parties shall maintain the signed acknowledgments that each acquires.  Disclosure of the Confidential Information to any other person or entity who has not signed an Acknowledgement is not permitted except as stated below.

7. For purposes of this matter only, the following individuals are permitted to view the Confidential Information without signing an Acknowledgement:

(a)  federal judicial officers and court personnel while in the performance of their official duties in this Action;

(b)  stenographers and videographers transcribing testimony or argument at a hearing, trial, or deposition in this Action or any appeal there from;

(c)  the attorneys, attorneys' agents and employees assigned to assist in the litigation of this Action;

(d)  each Plaintiff-Intervenor or class member only with respect to Confidential Information about himself or herself; and

(e) such other persons as hereafter may be designated by prior written agreement between the Parties herein, or by Court order upon noticed motion.

8. To the extent that any Confidential Information or documents containing Confidential Information or any copies, summaries, notes or abstracts thereof, have been produced or disclosed during discovery, such information shall be considered Confidential Information and shall be used only in accordance with this Order.

9. Prior to trial, any Confidential Information or documents containing Confidential Information as provided herein, or any copies, summaries, notes or abstracts thereof, shall not be made part of any public record, and may be filed with the Court only under seal pursuant to the Local Rules of the above-entitled Court.

10. All Confidential Information and documents containing such information or any references thereto in any brief or transcript which could reveal the Confidential Information shall not be filed with the Court unless filed under seal.  All copies, reproductions, extracts and summaries of documents, answers to interrogatories, responses to requests for admission, testimony or other materials or information, quoting or referring to the Confidential Information contained in such documents shall be subject to the provisions of this Order and shall not be filed with the Court unless filed under seal.

11. Entry of this Order is deemed to authorize all filings under seal by any Party pursuant to the Local Rules of the Eastern District of California without a separate application for filings under seal regarding the Confidential Information subject to this Order.

12. By entering into this protective order, the Parties are not waiving any objections to discovery requests or inquiries during oral deposition which may elicit Confidential Information as defined in Section 3.

13. At the conclusion of this matter (including any appeals) and unless the Court orders otherwise, any Confidential Information produced in discovery which are covered by this Stipulated Protective Order, shall be destroyed and not released to the public.  With respect to the EEOC, any Confidential Information contained in the EEOC's litigation files shall be destroyed pursuant to the EEOC's Record's Disposition Program, EEOC Directives, Transmittal 201.001.

So stipulated,

CALIFORNIA RURAL LEGAL ASSISTANCE, INC.

Date:  March 7, 2011              s/ Megan Beaman
                                  Megan Beaman
                                  Attorney for Plaintiff-Intervenors
                                  Maribel Ochoa, Delfina Ochoa, Jose Ochoa

MARCOS CAMACHO, A LAW CORP.

Date: March 7, 2011               s/ Mario Martinez
                                  Mario Martinez
                                  Attorney for Plaintiff-Intervenors
                                  Maribel Ochoa, Delfina Ochoa, Jose Ochoa, Guadalupe Martinez

LEWIS BRISBOIS BISGAARD & SMITH

Date:  March 7, 2011              s/ Jeffrey Ranen
                                  Jeffrey Ranen
                                  Attorney for Defendant Giumarra Vineyards, Corp.

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

Date: March  7, 2011               s/ Connie Liem
                                   Connie K. Liem
                                   Attorney for Plaintiff EEOC

## **ORDER**

The Court has reviewed this stipulation and for good cause shown, grants the Stipulated Protective Order.

IT IS SO ORDERED.

Dated:     March 7, 2011                              /s/ *Michael J. Seng*
                                                                    UNITED STATES MAGISTRATE JUDGE