# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>    Plaintiff,<br><br>DELFINA OCHOA, et al.,<br><br>    Plaintiffs-In-Intervention,<br><br>v.<br><br>GIUMARRA VINEYARDS CORP.,<br><br>    Defendant. | 1:09-cv-2255  AWI MJS<br><br>ORDER TO SHOW CAUSE WHY SANCTIONS SHOULD NOT IMPOSED DUE TO FAILURE TO FOLLOW COURT ORDERS AND THE LOCAL RULES |

       On April 6, 2012, a notice of settlement was filed with respect to the claims by the Intervenors. See Doc. No. 85. On April 9, 2012, the Court vacated all dates due to settlement and ordered the parties to file dispositional papers within 21 days, pursuant to Local Rule 160. Local Rule 160 *inter alia* provides authority for the Court to issue sanctions due to a failure by the parties to timely file dispositional papers. Various stipulations for extensions of time were approved by the Magistrate Judge. On July 6, 2012, the Magistrate Judge approved a stipulation and issued an order that required the parties to file dispositional papers on August 1, 2012. See Doc. No. 98.

       On August 1, 2012, instead of filing dispositional papers as ordered, Intervenors filed a document entitled "notice of disposition" that stated that the obligations of the settlement have been performed and that Intervenors intend to file a stipulation for dismissal on or by August 7, 2012. See Doc. No. 99. The August 1 filing is a violation of the July 6, 2012, order because it does not dispose of this case.

It is now beyond August 7, 2012. Despite Intervenors' representations in the improper August 1, 2012, filing, no stipulation of dismissal has been filed.

The local rules envision the filing of dismissal papers within 21 days of a notice of settlement. See Local Rule 160. Four months have now passed since the settlement, yet inexplicably, this case has not closed. This Court has a severely impacted docket, and it is improper to keep settled cases open indefinitely. The parties appear to have a disrespect for the Local Rules and the orders of the Court, as evidenced by both the improper August 1 filing and the parties' failure to even follow the deadline set by that filing.

The Court's patience has come to an end. Four months is significantly more than enough time to file a stipulated dismissal of a settled case. The Intervenors and Defendant will be ordered to show cause why sanctions, including monetary sanctions and/or the termination of the Intervenors' claims with prejudice, should not be issued.

Accordingly, IT IS HEREBY ORDERED that:

1. The Intervenors and Defendant are to show cause in writing why sanctions, including dismissal of Intervenors' claims with prejudice and/or monetary sanctions, should not be imposed for their failure to obey court orders and local rules;[1]

2. The Intervenors and Defendant are to show cause in writing on or before 10:00 a.m. on August 21, 2012;

3. As part of their responses to this order to show cause, the parties are to provide details, through declarations and the submission of evidence if necessary, of: (a) their efforts to comply with the Court's various orders and deadlines; (b) their efforts to file a stipulated dismissal; (c) why a dismissal was not filed on August 1; and (d) why a dismissal was not filed on August 7.

IT IS SO ORDERED.

Dated:   August 14, 2012

CHIEF UNITED STATES DISTRICT JUDGE

---

[1] As should be obvious, this order is not directed against the EEOC.

2