Anna Y. Park, CA SBN 164242
Michael Farrell, CA SBN 266553
Rumduol Vuong, CA SBN 264392
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA 90012
Telephone: (213) 894-1083
Facsimile: (213) 894-1301
Email: lado.legal@eeoc.gov

Connie K. Liem, TX SBN 791113
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
555 West Beech St., Suite 504
San Diego, CA 92101
Telephone: (619) 557-7283
Facsimile: (619) 557-7274
E-Mail: connie.liem@eeoc.gov

Attorneys for Plaintiff
U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**FILED**

AUG 24 2012

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Equal Employment Opportunity Commission, | CASE NO. 1:09-CV-02255-AWI-MJS |
| Plaintiff, | |
| | [~~PROPOSED~~] CONSENT DECREE |
| Delfina Ochoa, Maribel Ochoa, Jose Ochoa, and Guadalupe Martinez, | |
| Plaintiffs/Intervenors. | The Honorable Anthony W. Ishii |
| v. | |
| Giumarra Vineyards Corporation, | |
| Defendants. | ACTION FILED: February 9, 2010 |
| | TRIAL DATE:   January 31, 2012 |

///
///
///
///

4824-1438-8746.1

[PROPOSED] CONSENT DECREE

Plaintiff U.S. Equal Employment Opportunity Commission (the "EEOC" or "Commission") and Defendant Giumarra Vineyards Corporation ("Giumarra" or "Defendant") hereby stipulate and agree to entry of this Consent Decree (the "Decree") to resolve only the Commission's complaint filed against Defendant in case number 1:09-CV-02255-AWI-MJS under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"), alleging that Defendant and Does 1-10 subjected Charging Party, Maribel Ochoa, to a hostile work environment based on sex (female), and that Defendant violated Title VII by retaliatiug against Charging Parties, Maribel Ochoa, Delfina Ochoa, and Jose Ochoa, and similarly aggrieved individual, Guadalupe Martinez, for engaging in a protected activity by terminating their employment. Defendant denies unlawful harassment, discrimination, retaliation, or unlawful conduct of any sort occurred and denies all allegations made by the EEOC, Charging Parties, and Guadalupe Martinez. This Decree is not an adjudication or finding that Defendant violated Title VII or any other employment laws and shall not be construed as an admission of liability on the part of Defendant.

## I. PURPOSES AND SCOPE OF THE CONSENT DECREE

A.   The parties to the Decree are the EEOC and Defendant Giumarra Vineyards Corporation, (collectively the "Parties") only. The scope of this Decree shall include all of Defendant's facilities and locations. This Decree shall be binding on and enforceable against Defendant and its parents, subsidiaries, successors, and assigns, but not the Giumarra Vineyards Winery Division or Gabco.

B.   The Parties have consented to resolve this action by entry of this Decree for the following purposes:

    1.   To avoid the expensive and protracted costs incident to litigation;

    2.   To provide monetary and injunctive relief;

    3.   To ensure that Defendant's employment practices comply with federal law;

    4.   To ensure a work environment free from unlawful harassment and retaliation;

///

LEWIS BRISBOIS BISGAARD & SMITH LLP
ATTORNEYS AT LAW

1  5. To ensure training for Defendant's managers and employees with respect to
2  the law against harassment, discrimination, and retaliation;
3  6. To ensure the provision of an appropriate and effective mechanism for
4  handling discrimination complaints in the workplace; and
5  7. To provide a final and binding settlement upon the EEOC and Defendant.
6  C. This Decree does not expressly or implicitly determine whether Defendant's
7  current policies, practices, and procedures comply with Title VII and other employment laws.

## II. RELEASE OF CLAIMS

9  A. This Decree fully and completely resolves all issues, claims and allegations raised
10  by the EEOC against Defendant in this Action.
11  B. This Decree does not encompass claims raised by Maribel Ochoa, Delfina Ochoa,
12  Jose Ochoa, and Guadalupe Martinez in this Action against Defendant regarding national origin
13  discrimination under Title VII and other state law claims brought by the intervenors on August 13,
14  2010.
15  C. Nothing in this Decree shall be constructed to preclude any party from bringing suit
16  to enforce this Decree in the event that any party hereto fails to perform the promises and
17  representations contained herein.
18  D. Nothing in this Decree shall be construed to limit or reduce Defendant's obligation
19  to comply fully with Title VII or any other federal employment statute.
20  E. This Decree in no way affects the EEOC's right to bring, process, investigate, or
21  litigate other charges that may be in existence or may later arise against Defendant in accordance
22  with standard EEOC procedures.

## III. JURISDICTION

24  A. The Court has jurisdiction over the Parties and the subject matter of this lawsuit.
25  The Complaint asserts claims that, if proven, would authorize the Court to grant the equitable
26  relief set forth in this Decree.
27  B. The terms and provisions of this Decree are fair, reasonable, and just.
28  ///

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4816-9996-8014.1 828-1827-3034.1838-0865-2298.1849-0460-5450.1

3

1  C.  This Decree complies with the Federal Rules of Civil Procedure and Title VII and
2 is not in derogation of the rights or privileges of any person.

3  D.  The Court shall retain jurisdiction of this Action during the duration of the Decree
4 for the purposes of entering all orders, judgments, and decrees that may be necessary to implement
5 the relief provided herein.

### IV. EFFECTIVE DATE AND DURATION OF DECREE

7  A.  This Decree will be filed with the Court only upon resolution of Plaintiff-
8 Intervenors Delfina Ochoa, Maribel Ochoa, Jose Ochoa, and Guadalupe Martinez's claims against
9 Defendant by trial verdict, summary judgment, dismissal with prejudice, or settlement.

10  B.  The provisions and agreements contained herein are effective immediately upon the
11 date that this Decree is entered by the Court ("the Effective Date").

12  C.  Except as otherwise provided herein, this Decree shall remain in effect for three (3)
13 years after the Effective Date.

### V. MODIFICATION AND SEVERABILITY

15  A.  This Decree constitutes the complete understanding of the Parties with respect to
16 the matters contained herein. No waiver, modification, or amendment of any provision of this
17 Decree will be effective unless made in writing and signed by an authorized representative of each
18 of the Parties.

19  B.  If one or more provisions of the Decree are rendered unlawful or unenforceable, the
20 Parties shall make good faith efforts to agree upon appropriate amendments to this Decree to
21 effectuate the purposes of the Decree. The remaining provisions will remain in full force and
22 effect unless the purposes of the Decree cannot, despite the Parties' best efforts, be achieved.

23  C.  In the interests of justice and fairness, this Decree may be amended or modified by
24 mutual agreement of the Parties to effectuate the provisions of this Decree.

### VI. COMPLIANCE AND DISPUTE RESOLUTION

26  A.  The Parties agree that the Commission may bring a motion before the Court to
27 enforce the Decree if the Commission has reason to believe that Defendant has failed to comply
28 with any provision of the Decree. Prior to initiating such action, the Commission will notify

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4816-9996-8014.1 828-1827-3034.1838-0865-2298.1849-0460-   4
5450.1

[PROPOSED] CONSENT DECREE

1  Defendant's legal counsel of record, in writing, of the nature of the dispute. The notice shall
2  specify the particular provision(s) that the Commission believes Defendant has breached and the
3  facts or allegations upon which the Commission bases its belief. Defendant shall have forty-five
4  (45) days to attempt to resolve or cure the breach. The Parties can agree to extend this period
5  upon mutual consent.

6    B.    The Parties agree to cooperate with each other and use reasonable efforts to resolve
7  any dispute referenced in the Commission's written notice.

8    C.    If the forty-five (45) day period has passed with no resolution or agreement to
9  extend the time further, the Commission may petition this Court for resolution of the dispute. The
10 Commission may seek all available relief from the Court, including but not limited to an extension
11 of the term of the Decree in the amount of time that the Court finds the Decree was not complied
12 with and/or any other relief that the Court deems appropriate.

### VII. MONETARY RELIEF

14    A.    In settlement of all monetary claims that were made, or could have been made, in
15 EEOC's action against Defendant, Defendant shall pay a total of $100,000.00 (one hundred
16 thousand dollars). Allocation of the settlement funds among Maribel Ochoa, Delfina Ochoa, Jose
17 Ochoa, and Guadalupe Martinez or towards any other purpose shall be left to the EEOC's sole
18 discretion.

19    B.    On or after the Effective Date, the EEOC shall inform Defendant the amount of the
20 $100,000 settlement funds allocated by the EEOC. Within thirty (30) days of delivery of such
21 information, Defendant shall send a check to each of the claimants or their counsel via overnight
22 mail in the amounts specified by the EEOC.

23    C.    The Parties agree the Settlement Sum is intended to compensate each recipient
24 solely for alleged compensatory damages, and are based on the representation made by each
25 recipient to the Commission that she/he suffered compensatory damages as a result of a
26 Defendant's alleged conduct. No portion of the Settlement Sum is considered or intended to
27 compensate any recipient for any loss of past or future wages. Accordingly, Defendant will not
28 issue an IRS Form W-2 to any recipient, and no deductions will be made from the Settlement Sum

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4816-9996-8014.1 828-1827-3034.1838-0865-2298.1849-0460-
5450.1
· 5
[PROPOSED] CONSENT DECREE

for federal or state income or employment taxes, FICA or any other type of payroll deduction and no FICA contribution is being made by Defendant on such payment. Rather, Defendant will issue an Internal Revenue Form 1099 to each recipient for his/her full share of the Settlement Sum as provided herein. Defendant shall make appropriate reports to the Internal Revenue Service and other tax authorities relating to the Settlement Sum. The claimants shall be responsible for any state or federal income tax payments arising from said payment on their respective portion of settlement proceeds reported in the 1099 tax reporting forms. Acceptance of this money by the claimants identified herein no way impacts their pending case brought by intervenors.

D. Within three (3) business days of the mailing of each and every settlement check, Defendant shall submit a copy of each check and related correspondence to the Regional Attorney, Anna Y. Park, U.S. Equal Employment Opportunity Commission, 255 East Temple Street, 4th Floor, Los Angeles, CA 90012.

## VIII. INJUNCTIVE RELIEF

A. Non-Discrimination

1. Sexual Harassment

Defendant, its officers, agents, management (including all supervisory employees), successors, and assigns, are hereby enjoined from: (a) discriminating against persons on the basis of gender in the terms and conditions of employment; (b) engaging in or being a party to any action, policy, or practice that is intended or is known to them to have the effect of harassing or intimidating any employee on the basis of gender; and (c) creating, facilitating, or permitting the existence of a work environment that is hostile to female employees.

2. Retaliation

Defendant, its officers, agents, management (including all supervisory employees), successors, and assigns, are hereby enjoined from engaging in, implementing, or permitting any action, policy, or practice with the purpose of retaliating against any current or former employee, or applicant of Defendant, or any of them, because he or she in the past, or during the term of this Decree: (a) opposed any practice made unlawful under Title VII; (b) filed a charge of discrimination alleging such practice; (c) testified or participated in any manner in any

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4816-9996-8014.1 828-1827-3034.1838-0865-2298.1849-0460-5450.1

6

[PROPOSED] CONSENT DECREE

1  investigation (including without limitation, any internal investigation undertaken by Defendant) or
2  proceeding in connection with this case and/or relating to any claim of a Title VII violation;
3  (d) was identified as a possible witness or claimant in this action; (e) asserted any rights under this
4  Decree; or (f) sought and/or received any relief in accordance with this Decree. This provision
5  does not prohibit Defendant from reporting, or instituting a civil action against, any individual(s)
6  who breached, or may have breached, a fiduciary or other duty to Defendant by engaging in
7  conduct described in this paragraph.

   B.   Posting

9  Within thirty (30) business days after the Effective Date and throughout the term of this
10 Decree, Defendant shall post a notice (attached as Exhibit "A") of the terms of this Decree, in
11 English and in Spanish, in a clearly visible location frequented by employees (i.e., break rooms or
12 bulletin boards with other employee notices) in each of Defendant's covered locations that are
13 operational during the term of the Decree.

   C.   Equal Employment Opportunity Compliance Officer

15 Within ninety (90) days of the Effective Date of this Decree, for at least the duration of the
16 Decree, Defendant will retain a human resources professional to serve as an in-house Equal
17 Employment Opportunity Compliance Officer ("CO"). Prior to the retention of the CO,
18 Defendant shall report the proposed CO's name and qualifications for approval to Anna Y. Park,
19 U.S. Equal Employment Opportunity Commission, Los Angeles District Office, 255 E. Temple
20 St., 4th Floor, Los Angeles, CA 90012. In the event the EEOC objects to the Defendant's
21 proposed CO, the EEOC shall work with Defendant to find an alternative, including submitting a
22 list of three alternative choices. If Defendant and the EEOC cannot agree on a CO, the parties will
23 submit this matter to the Court. The CO shall have experience in the area of employment law and
24 in properly handling complaints of discrimination and retaliation, and for complying with the
25 terms of this Decree. The CO will monitor Defendant's compliance with Title VII and the
26 provisions of this Decree. For the duration of this Decree, the CO's responsibilities shall include:
27 ///
28 ///

1. Ensuring Defendant's compliance with the terms of the Decree;

2. Ensuring Defendant maintains effective policies and procedures that effectively carry out its obligations under Title VII and this Decree;

3. Ensuring Defendant develops procedures for training employees on sexual harassment and retaliation in compliance with Title VII and the terms of this Decree;

4. Ensuring Defendant trains managerial and staff/hourly employees in English or Spanish on their rights and responsibilities under Title VII and this Decree, including but not limited to, the responsibility to provide a workplace free of discrimination, and training on Defendant's policies against discrimination, harassment, and retaliation;

5. Ensuring Defendant creates, applies, and implements a reporting/auditing procedure relating to harassment, discrimination, and retaliation complaints to fulfill Defendant's obligations under this Decree;

6. Ensuring Defendant has procedures in place to handle complaints of discrimination, harassment, and retaliation;

7. Ensuring Defendant monitors and adequately investigates all complaints of sexual discrimination/harassment and retaliation;

8. Ensuring that Defendant creates a centralized system for tracking discrimination, harassment, and retaliation complaints;

9. Ensuring Defendant properly communicates with complainants regarding the complaint procedure, status of the complaint/investigation, results of the investigation, and any remedial action taken; and

10. Preparing a brief semi-annual report on Defendant's progress and its compliance under this Decree and ensuring that all reports required by this Decree are accurately compiled and timely submitted.

D. Equal Employment Opportunity Trainer

1. Defendant shall retain a third-party Equal Employment Opportunity Trainer ("Trainer") to perform the training during the time period of the Decree. Defendant shall bear all costs associated with the retention of the Trainer, including the performance of his/her duties.

1  Prior to the retention of the Trainer, Defendant shall report the proposed Trainer's name and
2  qualifications for approval to Anna Y. Park, U.S. Equal Employment Opportunity Commission,
3  Los Angeles District Office, 255 E. Temple St., 4th Floor, Los Angeles, CA 90012. The Trainer
4  shall be responsible for conducting all training required by Section VIII.F of this Decree whom the
5  EEOC shall approve.

      E.    Review of Policies Concerning Discrimination and Harassment

         1.    Within ninety (90) days of the Effective Date, Defendant, with the assistance of its Compliance Officer, shall review and, if necessary, revise its current written policy on harassment, discrimination, and retaliation, and will provide a copy of this revised policy in English and Spanish to the Commission. The policy and complaint procedure shall include:

         a.    A clear explanation of prohibited conduct: harassment and discrimination on the basis of race, color, national origin, sex, age, disability, creed/religion, or any other protected class, and retaliation;

         b.    An assurance that employees who make complaints of harassment/discrimination or provide information related to such complaints will be protected against retaliation;

         c.    A clearly described complaint process for discrimination, harassment, and retaliation that provides accessible and confidential avenues for complaints. Information regarding internal and external sources whom employees may report discrimination and retaliation shall be provided in English and Spanish.

         d.    An assurance that Defendant will protect the confidentiality of harassment/discrimination complaints to the extent possible from being disclosed to those persons who do not need to know;

         e.    A complaint process that provides a prompt, thorough, and impartial investigation;

///
///



4816-9996-8014.1 828-1827-3034.1838-0865-2298.1849-0460-5450.1

9

       f.     A procedure for communicating with the complainant in writing, if the complainant so chooses, regarding the status of the complaint/investigation, results of the investigation, and any remedial action taken;

       g.     Assurance that Defendant will take immediate and appropriate corrective action if it determines that harassment/discrimination and/or retaliation has occurred; and

       h.     A procedure to maintain a centralized system for tracking, gathering, and retaining discrimination, harassment, and retaliation complaints, which will in part thereby allow Defendant to identify individuals who have been the subject of multiple complaints.

If Defendant finds that it needs to revise its policy to comply with Section VIII.E of this Decree, Defendant shall distribute the revised policy at the time of the training and confirm such distribution to the EEOC. The policy shall be distributed to each and every Giumarra employee, including management/supervisory staff, in English and Spanish. Defendant will also include the policy in any relevant policy or employee manuals that it distributes to its employees. For the duration of this decree, Defendant shall annually distribute the policy to all employees. Defendant shall collect acknowledgments from each employee who receives the revised policy. Throughout the term of this Decree, Defendant shall also post its policy against discrimination, harassment, and retaliation in a place that is conspicuous and accessible to all employees at each of its locations.

    F.    <u>Training</u>

      1.     Defendant shall expend the sum of $250,000 for the purpose of training of its employees and retention of the EEO trainer and compliance officer as follows. The defendant shall allocate $100,000 for the first year after the Effective Date of the Decree; $75,000 for the second year of the Decree; and $75,000 for the third year of the Decree towards ensuring the proper training of all of its employees and for the establishment of an effective EEO instruction as set forth under this Decree. All other costs shall be paid by the Defendant separate from this allocation.

///

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

2. Within forty-five (45) days after the commencement of Defendant's most recent grape picking season following the Effective Date of this Decree, Defendant shall provide one (1) hour of live training(s) to all of its employees, including seasonal workers and managers, with regard to compliance with Title VII. The training shall include coverage of subjects of equal employment opportunity rights and responsibilities, gender discrimination, sexual harassment, retaliation, and Defendant's policies and procedures for reporting and handling complaints of discrimination, harassment, and retaliation. The training, and all subsequent training, shall be conducted in a language, either English or Spanish, that the employee understands.

3. For the duration of this Decree, Defendant shall provide two (2) hours of live annual training to managerial employees and human resources personnel. The training of managerial employees and human resources personnel shall include the foregoing and also on how to properly handle and investigate complaints of discrimination and/or harassment in a neutral manner, how to take preventative and corrective measures against discrimination and/or retaliation, and how to recognize and prevent discrimination and/or retaliation. All recently-promoted managerial employees or human resources personnel shall receive the managerial training within forty-five (45) days of being promoted. Managerial employees or human resources personnel who are hired or promoted and therefore require training at times other than the regularly scheduled training for all other employees and managers may receive training by video with a live interactive component.

4. For the remainder of the Decree, Defendant shall provide one (1) hour of training by video with a live interactive component for all new employees, including seasonal workers. New employees are employees who did not receive the training conducted in the previous year(s) of the Decree. The training of new employees shall be held annually within forty-five days of that years grape picking season and include coverage of subjects of equal employment opportunity rights and responsibilities, gender discrimination, sexual harassment, retaliation, and Defendant's policies and procedures for reporting and handling complaints of discrimination, harassment, and retaliation. The training shall be conducted in a language, either English or Spanish, that the employee understands.

1    5.   All employees shall verify their attendance at the designated training in
2 writing by signing an attendance list.
3    Within one hundred and twenty (120) days after the Effective Date of this Decree,
4 Defendant shall submit to the Commission a description of the training to be provided and an
5 outline of the curriculum developed for the trainees. Defendant shall give the Commission a
6 minimum of ten (10) business days advance written notice of the date, time, and location of the
7 each training program provided by Defendant pursuant to this Decree. Defendant agrees that an
8 EEOC representative may attend any such training.
9    G.   Record Keeping and Reporting
10        1.   Record Keeping
11           a.   Defendant shall (1) submit annual EEO-1 reports pursuant to
12 applicable law; and (2) maintain supporting documentation as required by applicable law.
13           b.   Defendant shall establish a record-keeping procedure that provides
14 for the centralized tracking of discrimination and retaliation complaints and the monitoring of such
15 complaints. The records to be maintained shall include:
16              i.   All documents generated during the term of this Decree in
17 connection with any complaint of discrimination or harassment, including documents related to
18 the investigation into, or resolution of, each such complaint and the identities of the parties
19 involved;
20              ii.   All forms acknowledging employees' receipt of Defendant's
21 discrimination and harassment policy; and
22              iii.   A list of the dates of the training required under this Decree
23 that shows the names and positions for all attendees at each training.
24    Defendant shall make the aforementioned records available to the Commission within 30
25 days following a written request by the Commission to Defendant.
26        2.   Reporting
27    Defendant shall provide the following reports to the Commission in writing, by
28 mail or by facsimile:

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4816-9996-8014.1 828-1827-3034.1838-0865-2298.1849-0460-5450.1      12

[PROPOSED] CONSENT DECREE

      a. Within one hundred and twenty (120) days after the Effective Date, Defendant shall submit to the EEOC an initial report that contains:

          i. A summary of the procedures and record-keeping methods developed for centralized tracking of discrimination complaints and the monitoring of such complaints;

          ii. A statement confirming that the required notices pertaining to this Decree and Defendant's revised discrimination and harassment policy have been posted and/or distributed; and

          iii. Confirmation that all employee acknowledgment forms indicating receipt of Defendant's discrimination and harassment policy were gathered.

      b. Defendant shall also provide the following report semiannually throughout the term of this Decree:

          i. The attendance list of all attendees for all training sessions required under this Decree that took place during the previous six months;

          ii. Acknowledgments of receipt of Defendant's revised discrimination and harassment policy for all employees hired during the previous six months; and

          iii. A document or spreadsheet summarizing all complaints of discrimination or retaliation since the submission of the immediately preceding report hereunder. The summary of the complaint shall include the names of the individuals alleging discrimination, the nature of the discrimination, the names of the alleged perpetrators of discrimination, the dates of the alleged incidents of discrimination, a brief summary of how each complaint was resolved, and the identity of the person(s) who investigated or resolved each complaint. The CO shall assess and report to the EEOC if there are repeat harassers or accused of discriminatory or retaliatory conduct

    All reports under this Section are being provided to confirm compliance with the provisions of this Decree. Neither the EEOC or any other person or entity may use the information provided to the EEOC pursuant to this Decree in any investigation of or litigation involving Defendant Giumarra Vineyards or its employees, managers, or agents. This Decree in

no way affects the EEOC's right to investigate or litigate charges that may be in existence or may later arise against Defendant in accordance with standard EEOC procedures.

### IX. COSTS OF ADMINISTRATION AND IMPLEMENTATION OF CONSENT DECREE AND ATTORNEY'S FEES

Defendant shall bear all costs associated with its administration and implementation of its obligations under this Decree, including but not limited to the distribution of the settlement money. Defendant shall bear the costs of retaining an Equal Employment Opportunity Compliance Officer and Trainer. Each party shall bear its own court costs and attorneys' fees.

### X. MISCELLANEOUS PROVISIONS

A. In the event that, during the term of this Decree, Defendant sells or conveys its interest in any of its currently-operating facilities to another person or entity ("successor"), which intends to thereafter continue to operate said facility as a grape vineyard, Defendant shall provide that successor with a copy of this Decree within a reasonable time of not less than thirty (30) days prior to the execution of any agreement for acquisition or assumption of control of said facility, and shall simultaneously inform the EEOC of same.

B. During the term of this Decree, Defendant shall ensure that each of its officers, managers, and supervisors is aware of any term(s) of this Decree that may be related to his/her job duties.

C. Unless otherwise stated, all notices, reports, and correspondence required under this Decree shall be delivered to the attention of the Regional Attorney, Anna Y. Park, U.S. Equal Employment Opportunity Commission, Los Angeles District Office, 255 E. Temple St., 4th Floor, Los Angeles, CA 90012.

D. This Decree may be signed in counterparts. A facsimile signature shall have the same force and effect of an original signature or copy thereof.

E. The Parties agree to entry of this Decree and judgment subject to final approval by the Court, which shall take place no sooner than the resolution of the separate claims that Maribel Ochoa, Delfina Ochoa, Jose Ochoa, and Guadalupe Martinez's filed against Defendant as Plaintiff-Intervenors by trial, summary judgment, or dismissal with prejudice.

1  All Parties, through the undersigned, respectfully apply for and consent to the entry of this
2  Consent Decree Order.

3  DATED: January 5, 2012                    Respectfully submitted,

4                                            **U.S. EMPLOYMENT OPPORTUNITY**
                                             **COMMISSION**
5

6
                                             By: _____
7                                                Anna Y. Park
                                                 Attorneys for Plaintiff U.S. EQUAL
8                                                EMPLOYMENT OPPORTUNITY
                                                 COMMISSION
9

10
    DATED: December 5, 2011
11                                           LEWIS BRISBOIS BISGAARD & SMITH LLP

12
                                             By: _____
13                                               Jeffrey S. Ranen
                                                 Alexander J. Harwin
14                                               Attorneys for Defendant GIUMARRA
                                                 VINEYARDS CORPORATION
15

16

17                              [~~PROPOSED~~ ORDER]
18
       The provisions of the foregoing Consent Decree are hereby approved and compliance with
19
    all provisions thereof is **HEREBY ORDERED**.
20
       **IT IS SO ORDERED.**
21

22
    Date:  8-24-12                           _____
23                                           The Honorable Anthony W. Ishii
24

25

26

27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4816-9996-8014.1 828-1827-3034.1838-0865-2298.1849-0460-    15
5450.1

[PROPOSED] CONSENT DECREE



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Fresno Local Office**

Civic Center Square
2300 Tulare Street, Suite 215
Fresno, CA 93721
Intake Information Group: (800) 669-4000
Intake Information Group TTY: (800) 669-6820
Fresno Status Line: (866) 408-8075
Fresno Direct Dial: (559) 487-5797
TTY (559) 487-5837
FAX (559) 487-5053

## NOTICE OF CONSENT DECREE

TO:    ALL EMPLOYEES OF GIUMARRA VINEYARDS

The U.S. Equal Employment Opportunity Commission ("EEOC") filed a lawsuit in the United States District Court for the Eastern District of California, Fresno Division, against Giumarra Vineyards, et al, ("Giumarra") Case No. 1:09-CV-02255-AWI-MJS. The lawsuit was brought by the EEOC on behalf of four individuals, alleging claims of sexual harassment. Giumarra settled the case by entering into a "Consent Decree" with the EEOC.

Pursuant to the Consent Decree, Giumarra is providing notice to all of its employees that alleged violations of its policy against harassment and discrimination will be thoroughly investigated. Individuals found to have violated that policy will be subject to discipline up to and including termination of employment. All employees will undergo training to prevent unlawful harassment and discrimination towards employees.

Federal law requires that there be no sexual harassment or discrimination against any employee or applicant for employment because of a person's age, disability, race, sex, color, religion or national origin, with respect to hiring, compensation, promotions, discharge, terms and conditions or privileges of employment.

Giumarra is committed to complying with federal anti-discrimination laws in all respects. It will not tolerate sex harassment or discrimination, and will not tolerate retaliation against any employee because of the filing of a charge of discrimination, giving testimony or assistance, or participation in any manner in any investigation.

If you believe that you have been sexually harassed, discriminated against because of your sex, national origin, age, race, color, religion, or disability, you may follow Giumarra's internal procedure and/or you may seek assistance from:

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
2300 Tulare Street, Suite 215
Fresno, CA 93721
Telephone: (559) 487-5793

You may obtain a copy of the settlement document ("Consent Decree") at your expense. To obtain a copy, you must contact the Office of the U.S. District Court Clerk at 2500 Tulare Street, Suite 1501, Fresno, CA 93721.

4845-1186-8426.1